IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50466
Conference Calendar
_____

ARDELL NELSON,

                                        Petitioner-Appellant,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division;
DAN MORALES, Attorney General,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-94-CV-794
- - - - - - - - - -
December 20, 1995
Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Ardell Nelson filed a petition under 28 U.S.C. § 2254
challenging his conviction for aggravated sexual assault of a
child.  For the first time on appeal, Nelson asserts that the
prosecutor argued that the jury should convict him in order to
protect the community.  Nelson has not shown that not considering
this claim would result in manifest injustice.  <u>Varnado v.
Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

    [*]    Local Rule 47.5.1 provides:  "The publication of
opinions that merely decide particular cases on the basis of
well-settled principles of law imposes needless expense on the
public and burdens on the legal profession."  Pursuant to that
Rule, the court has determined that this opinion should not be
published.

Nelson's bare assertion that his counsel had been ineffective because he failed to impeach the credibility of state witnesses is not sufficient to show that his counsel's performance was deficient or that his defense was prejudiced by counsel's alleged deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

The trial court's decision to permit the 10-year-old victim's school counselor to testify that the victim was telling the truth was clearly error. See Duckett v. State, 797 S.W.2d 906, 920 (Tex.Crim.App. 1990). However, this court reviews state court evidentiary rulings in a habeas petition only if the error "is of such magnitude as to constitute a denial of fundamental fairness under the due process clause." Skillern v. Estelle, 720 F.2d 839, 852 (5th Cir. 1983), cert. denied, 469 U.S. 873 (1984) (internal citation omitted). Although the admission of the counselor's testimony may have caused some prejudice to the appellant, a careful review of the trial record leads us to conclude that the error did not rise to the level of constitutional magnitude necessary to justify habeas corpus relief.

Nelson's argument that the prosecutor improperly argued that the victim was truthful demonstrates no error of constitutional magnitude. Edwards v. Scroggy, 849 F.2d 204, 210 (5th Cir. 1988), cert. denied, 489 U.S. 1059 (1989); see United States v. Washington, 44 F.3d 1271, 1279 (5th Cir.), cert. denied, 115 S. Ct. 2011 (1995).

AFFIRMED.